**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHAVEN BARNES,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:26-1535** |
| **v.** | : | **(JUDGE MANNION)** |
| **JESSICA SAGE,** | : | |
| **Respondent** | : | |

# MEMORANDUM

Pending before the Court is Shaven Barnes's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, (**Doc. 1**), and motion to expedite consideration of his petition for writ of habeas corpus, (**Doc. 19**). For the reasons stated herein, the petition will be **DENIED** and the motion to expedite will be **DENIED AS MOOT**.

## I. BACKGROUND

Petitioner is a citizen and native of Jamaica. (Doc. 6-2 at 3). Petitioner legally entered the United States at New York, NY on or about September 8, 2011, as a temporary visitor and was authorized to remain in the United States until March 7, 2012. *Id.* at 5. Petitioner remained in the United States beyond March 7, 2012, without authorization. *Id.*

On December 5, 2015, Petitioner was convicted of failing to stop for police and negligent operation of a motor vehicle. *Id.* On February 10, 2017,

Petitioner was convicted of criminal possession weapon-4th degree: intent to use. *Id.* On October 7, 2019, Petitioner filed an I-485 adjustment of status. *Id.* On March 5, 2020, Petitioner was convicted of reckless driving. *Id.*

On July 15, 2022, U.S. Immigration and Customs Enforcement ("ICE") agents encountered Petitioner after he was released to his ICE detainer. *Id.* The agents issued Petitioner a notice to appear before an immigration judge. *Id.* On August 31, 2022, Petitioner was convicted of assault causing bodily injury or mental illness. *Id.* That same day, Petitioner appeared for a hearing before an immigration judge, and the immigration judge granted bond in the amount of $5,000. *Id.* Petitioner posted bond and was released from ICE custody. *Id.* On August 23, 2023, an immigration judge granted a motion to dismiss Petitioner's immigration proceedings. *Id.*

On July 21, 2025, Petitioner was convicted of disorderly conduct: flight/violent behavior. *Id.* On August 17, 2025, Petitioner was arrested for criminal possession stolen property-5th degree. *Id.* On September 2, 2025, ICE agents encountered Petitioner at a G-56 appointment. *Id.* The agents took Petitioner into custody due to his recent arrest and concurrence from the Office of the Principal Legal Advisor ("OPLA"). *Id.* That same day, agents issued Petitioner a notice to appear before an immigration judge and charged

him with violating Section 237(a)(1)(B) of the Immigration and Nationality Act ("INA") for remaining in the United States longer than permitted. (Doc. 6-3).

On September 24, 2025, Petitioner appeared before an immigration judge and was denied bond based on danger. (Doc. 11-1 at 2-3). On December 4, 2025, the Board of Immigration Appeals ("BIA") denied Petitioner's adjustment of status and ordered him removed to Jamaica. (Doc. 6-6). On December 10, 2025, Petitioner's charge of criminal possession stolen property-5th degree was dismissed. (Doc. 16-1). Petitioner appealed the immigration judge's decision denying his adjustment of status and ordered of removal to Jamaica on December 31, 2025, and that appeal remains pending. (Doc. 6-7; Doc. 11 at 13). On April 21, 2026, an immigration judge denied Petitioner's request for a custody redetermination due to danger. (Doc. 6-8; Doc. 11-1 at 3).

On June 5, 2026, Petitioner filed the present petition for habeas corpus. (Doc. 1). On June 17, 2026, Respondent filed a response to the petition. (Doc. 6). On July 9, 2026, Petitioner filed a traverse. (Doc. 7). Following the Court's July 13, 2026, order for supplemental briefing on Petitioner's constitutional claims, (Doc. 8), Respondent filed a supplement response on July 31, 2026. (Doc. 11). On August 24, 2026, Petitioner filed a supplemental response. (Doc. 16). The Court ordered the parties to file any

supplemental briefing by September 4, 2026. (Docs. 17, 18). On October 7, 2026, Petitioner filed a motion to expedite consideration of his petition for writ of habeas corpus. (Doc. 19). The petition for a writ of habeas corpus is now ripe for disposition.

## II. DISCUSSION

Petitioner makes two constitutional challenges to the legality of his ongoing detention. First, Petitioner challenges the lawfulness of his re-detention and continued detention in the absence of materially changed circumstances since his August 2022 bond hearing. (Doc. 16 at 1). Second, Petitioner challenges his prolonged detention. *Id.*

### a. Jurisdiction

Under 28 U.S.C. §2241, district courts have the authority to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(1), (3). However, the Court's authority to hear noncitizen habeas petitions under 28 U.S.C. §2241 is limited is some circumstances. *See*, *e.g.,* 8 U.S.C. §1226(e).

### b. Exhaustion of administrative remedies

"A petitioner challenging agency action must generally first exhaust administrative remedies; however, in habeas proceedings, 'exhaustion exists as a judicially created doctrine applied at the Court's discretion.'" *Vadel*

*v. Lowe*, 2025 WL 3772059, at *3 (M.D.Pa. Dec. 31, 2025) (quoting *Kashranov v. Jamison*, 2025 WL 3188399, at *3 (E.D.Pa. Nov. 14, 2025)). To the extent Petitioner is challenging the constitutionality of the bond hearings, the due process challenge is properly within this Court's jurisdiction. A challenge of the merits would appropriately be made to the BIA.

**c. Lawfulness of Petitioner's re-detention and subsequent bond hearings**

**i. Petitioner's bond hearings**

Petitioner was detained pursuant to 8 U.S.C. §1226(a). (Doc. 6 at 2) ("[Petitioner]'s continued, mandatory detention under 8 U.S.C. §1226(a) is lawful."). §1226(a) allows for the Attorney General to arrest and detain a noncitizen "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. §1226(a). Pending that decision, the Attorney General "(1) may continue to detain the arrested alien; and (2) may release the alien on . . . bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or . . . conditional parole." 8 U.S.C. §1226(a)(1)-(2). When an alien is detained under §1226(a), they are entitled to a bond hearing where they can argue why they should be released from detention pending a final order of removal. *See Johnson v. Guzman-Chavez*, 594 U.S. 527 (2021); *see also Borbot v. Warden Hudson*

*County Correctional Facility*, 906 F.3d 274, 277-80 (3d Cir. 2018) (holding that individuals detained under §1226(a) are entitled to a bond hearing but not entitled to a second bond hearing after their first has been denied).

Relevant here, "[t]he Attorney General's discretionary judgment regarding the application of [§1226] shall not be subject to review. No court may set aside any action or decision by the Attorney General under [§1226] regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. §1226(e); *see also White v. Lowe*, No. 1:25-CV-2431, 2026 WL 777425 at *3 (Mar. 19, 2026).

Following his re-detention on September 2, 2025, (Doc. 6-2 at 3), Petitioner was given an initial bond hearing on September 24, 2025. (Doc. 11-1 at 2) ("[C]ourt denied bond on September 24, 2025 . . ."). According to the unverified transcript for the subsequent April 2026 hearing, Petitioner was denied bond based on danger. *Id.* at 3. Petitioner requested a custody redetermination pursuant to 8 C.F.R. §1236, and, on April 21, 2026, Petitioner was again denied bond based on danger. *Id.* at 5; Doc. 6-8.

Barring any due process violation with the bond hearings, any "relief the [C]ourt could grant would require the [C]ourt to either order an immigration judge to conduct a [third] bond hearing or conduct a [third] bond hearing on its own. Such a decision would amount to 'setting aside' the

immigration judge's denial of bond, which is clearly barred by [§1226(e)]." *White,* 2026 WL 777425, at *3.

**ii. Re-detention after prior bond**

Petitioner challenges the lawfulness of his re-detention after he had previously been granted bond in August 2022. (Doc. 16 at 1). Under 8 U.S.C. §1226(b), "[t]he Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien." Petitioner argues that the authority to revoke bond must still follow due process, and that a due process concern arises when ICE re-detains a non-citizen that the Government previously determined could be released on bond without showing materially changed circumstances warranting re-detention. (Doc. 16 at 3).

Petitioner points to *W.A.C v. Rokosky* where a non-citizen was released after, in part, the Government conceded the non-citizen was not a danger to the community and could neither "point to any changed circumstances other than a change in administration and a travel document they procured after terminating his supervision and re-detaining him" nor "identif[y] any intervening criminal conduct" after the prior decision to release the non-citizen under supervision. 1:26-cv-03419, Doc. 26 at 12-13 (D.N.J. May 18, 2026). Unlike *W.A.C.*, Petitioner has two additional incidents in his

criminal history that occurred after he was released on bond in August 2022. (Doc. 6-2 at 5).

While Petitioner challenges the reliability and accuracy of the evidence detailing those additional criminal incidents and whether those incidents should be considered materially changed circumstances, (Doc. 16 at 3-8), those determinations are in the purview of the immigration judge and the bond hearing is not reviewable by this Court as long as the bond hearing was fundamentally fair. *See Ghanem*, 2022 WL 574624 at *2 (finding that the petitioner's arguments that an IJ relied on unreliable and inadmissible evidence constituted "evidentiary quibbles [that] fail to demonstrate that the government deprived [the petitioner] of a fundamentally fair bond hearing, which is all that the District Court required[.]"). The Court notes that IJ Addicott's determination at the April 2026 bond hearing was appealable to the BIA. 8 C.F.R. §§1003.1(b)(7), 1003.19(f). To the extent Petitioner disagreed with reliability and accuracy of the I-213 as evidence of Petitioner's criminal history, Petitioner should have appealed to the BIA.

**iii. Fairness of Petitioner's bond hearing**

While the Court cannot review an IJ's decision, an exception exists which allows the Court to "review whether the bond hearing was fundamentally unfair." *Ghanem v. Warden Essex Cnty. Corr. Facility*, 2022

WL 574624, *2 (3d Cir. 2022); *see also* 8 U.S.C. §1226(e) ("no court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole"); *see also White v. Lowe*, 2025 WL 3187511, *2 (M.D.Pa. Nov. 14, 2025) ("The Third Circuit has repeatedly recognized that this language means what it says: courts may not reverse an administrative decision denying bond in an immigration proceeding[.]" (citing *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018)).

"In a fundamentally fair bond hearing, due process has three essential elements: 'An alien: (1) must be entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests.'" *Id.*

Here, the April 2026 bond hearing satisfied each of the fairness factors. A review of the unverified hearing transcript shows that the IJ reviewed the evidentiary record including the previous recording from the prior bond hearing, heard arguments from both parties, and determined that Petitioner is a danger to the community and that there was not a material change in circumstances since the last hearing. (Doc. 11-1). Thus, the bond hearing complied with the due process requirements for a bond hearing.

**d. Lawfulness of Petitioner's prolonged detention**

Petitioner argues that his detention has become unreasonably prolonged. (Doc. 16 at 9-10). The Third Circuit, in *Borbot*, left open the possibility that "despite an initial bond hearing, detention under §1226(a) might become unreasonably prolonged, whether by virtue of government delay or some other cause," and therefore permit a habeas corpus claim alleging violation of a petitioner's due process rights. 906 F.3d at 280. Because the *Borbot* court declined to decide "when, if ever, the Due Process Clause might entitle an alien detained under §1226(a) to a new bond hearing," (*id.*) that language "has led to conflicting decisions within this Circuit as to whether an individual may be entitled to a second bond hearing sooner than the roughly two-year timeframe analyzed in *Borbot*." *Blade, v. Lowe*, No. 4:26-CV-02188, 2026 WL 2984996, at *4 (M.D. Pa. Oct. 5, 2026).

The Third Circuit identified a "nonexhaustive list of four factors" in *German Santos* to determine whether continued detention has become unreasonable for due process purposes. 965 F.3d 203, 211-13 (3d Cir. 2020). In doing so, the Court recognizes that "[r]easonableness is a highly fact-specific inquiry." *Id.* at 210 (citation and internal quotation marks omitted). The "nonexhaustive list of four factors" for consideration are: (1) "the duration of detention"; (2) "whether the detention is likely to continue";

(3) "the reasons for the delay"; and (4) "whether the alien's conditions of confinement are meaningfully different from criminal punishment." *Id.* at 211 (citation, internal quotation marks, and alteration omitted).

As explained below, after considering these factors, the Court concludes that Petitioner's continued detention has not become unreasonable such that Petitioner's detention warrants a new bond hearing.

**i. Duration of detention**

Petitioner has received two bond hearings since his detention in September 2025, with his second bond hearing less than six months ago on April 21, 2026. (Doc. 6-8). Under these circumstances, this factor weighs against relief.

**ii. Likelihood of continued detention**

Petitioner argues that his immigration case is on appeal and the "duration of future detention is uncertain." (Doc. 16 at 10). On the other hand, Respondent asserts that this factor "relies on unhelpful hypothesizing of future events" and, therefore, "improperly requires litigants to argue to this Court the merits of their position at the administrative level." (Doc. 11 at 13). Petitioner's BIA appeal remains pending and there will be a delay of undefined duration. Under the circumstances, however, granting Petitioner relief would result in a new bond hearing and Petitioner's most recent bond

hearing was less than six months ago. Accordingly, this second factor weighs against relief.

**iii. Reasons for delay**

There does not appear to be any unreasonable delay in the case due to actions by either party. The Court finds that the third factor is neutral.

**iv. Conditions of confinement**

Finally, the Court finds that Petitioner's conditions of confinement are not meaningfully different from criminal punishment. *See Alvarado v. Sage, 3:26-CV-680*, 2026 WL 1497185 at *3 (M.D.Pa. May 28, 2026) ("A federal prison is a federal prison."). Petitioner is currently detained at FCI Lewisburg, which is a medium-security federal prison. *Id.*; (Doc. 1 at 2). Respondents argue that "[a]lthough [Petitioner] is detained, he is not confined to his cell for twenty-three hours a day nor has he identified other punitive conditions of confinement." (Doc. 11 at 14).

The Court is unpersuaded by this argument. A petitioner obviously need not be detained under such extremely punitive conditions as twenty-three hours a day in one's cell for their confinement to be akin to criminal punishment. The mere fact that Petitioner, a civil immigration detainee, is housed in a criminal facility among criminals suffices to show that his conditions of confinement do not meaningfully differ from criminal punishment. Further, Petitioner argues that his "[m]ovement is restricted," he

"does not have regular outdoor access," and does not "have phone or library access as a civil detainee should have." (Doc. 1 at 9). Where, as here, "civil detention under [§1226(a)] looks penal, that tilts the scales toward finding the detention unreasonable." *German Santos*, 965 F.3d at 211.

Thus, upon weighing the *German Santos* factors, the Court finds that Petitioner's detention, while concerning, has not become unreasonable.

## III. CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. §2241, (Doc. 1), will be **DENIED** and the motion to expedite (Doc. 19) will be **DENIED AS MOOT**. An appropriate order shall follow.

s/ Malachy E. Mannion
**MALACHY E. MANNION**
**United States District Judge**

**DATE: October 13, 2026**
26-1535-01